CHIEF JUSTICE TURNAGE
dissenting.
I respectfully dissent.
*52 The majority opinion of the Court reverses the bench trial conviction of the defendant of sexual intercourse without consent committed upon the person of his then fourteen-year-old natural daughter, P.T., and orders a new trial for defendant.
The sole basis for the majority’s decision to reverse the conviction is the conclusion that the trial judge abused his discretion in refusing counsel’s motion for a continuance made during the trial for the purpose of allowing defendant to subpoena his two other natural daughters, C.T. and K.T. At the time of the offense, C.T. and K.T. were nine and ten years of age respectively. They were approximately ages eleven and twelve at the time of trial.
From the date of filing of the information on June 6, 1989, defendant was aware that C.T. and K.T. were the potential witnesses referred to in the information and potentially witnesses to be called at the trial. C.T. and KT. had been subpoenaed by the State but were not called to testify and had been released from subpoena prior to trial.
Defendant had the opportunity prior to trial to depose C.T. and K.T. Defendant’s counsel did notice a deposition of C.T., and thereafter her deposition was taken on October 16,1989, with defendant’s counsel present along with the deputy county attorney. The defendant, having knowledge of these potential witnesses, chose not to subpoena them for testimony on his behalf.
The State is under no obligation to call all of the witnesses that it subpoenaed. It is the duty of the defendant and his counsel to subpoena their own witnesses and prepare for the defendant’s case. The defense is not entitled to rely upon the witnesses subpoenaed by the State.
Defendant’s counsel's request for a continuance for the purpose of subpoenaing C.T. and K.T., mid-trial, was based on an inconsistency in the testimony of P.T. as to whether the offense was committed in a bathroom or a bedroom in defendant’s residence, and whether C.T. and K.T. were in the residence all the time or whether they were outside part of the time during the commission of the offense.
In my view, any direct or cross-examination of C.T. or K.T. would have been cumulative and not probative to a degree that would have created reasonable doubt or altered the decision of the court.
In bench trials, the trial judge should be more willing to consider a reasonable request for continuance. The delay would not, in all probability, be as inconvenient as it may be in a jury trial. In this case, *53 however, the trial judge did not abuse his discretion in denying the continuance.
The overwhelming testimony submitted by the State in proof of the defendant’s guilt, which is plain from the totality of the record, leaves no room for a reversible error in the denial of the motion for continuance. At most, it was a harmless error, and I do not concede that it was error in any event.
The totality of this record, when carefully reviewed, establishes from the testimony of the victim, P.T., that defendant had committed sexual assaults upon her commencing from the time she was approximately five years of age and continuing over several years. The sexual assaults commenced with sexual fondling and escalated to acts of sexual intercourse, including oral intercourse. These acts occurred with an astounding frequency, ending on or about August 23, 1987, with the act on which defendant stands convicted.
The State made an appropriate motion under Rule 404(b), M.R.Evid., to introduce prior acts of the defendant and, after briefing and argument, the Court granted the State’s motion. The prior acts were testified to in much detail by the victim, P.T. That testimony included the fact that the defendant had signed a deferred prosecution agreement on November 20, 1987, wherein he admitted that approximately three years prior to that date, he had committed the offense of sexual assault upon the victim in this case, his daughter P.T. Pursuant to the agreement, his prosecution for that offense was deferred for two years. The agreement was entered into evidence without objection as State’s Exhibit 1.
Direct or cross-examination of C.T. and K.T. concerning an event that occurred when they were nine and ten years of age, over two years prior to trial, relating to whether or not they were present in the residence and whether the victim and the defendant were in the bedroom or the bathroom during the commission of the offense, simply does not rise to a probative value that warrants a reversal of this conviction.
I would affirm.